# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

DEBORAH A. WOODS, et al.,

                Plaintiffs,

v.                                                   CIVIL ACTION NO. 2:18-cv-00568

NATIONSTAR MORTGAGE LLC,

                Defendant.

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs Deborah Woods and Thomas Woods' Motion to Remand. (ECF No. 6.) For the reasons provided herein, the Court **GRANTS IN PART** and **DENIES IN PART** the motion and **REMANDS** this case to the Circuit Court of Kanawha County, West Virginia.

### I. BACKGROUND

This case arises from a refinanced residential mortgage loan serviced by Defendant Nationstar Mortgage LLC, previously d/b/a Centex Home Equity Co. LLC. Plaintiffs allege that Defendant engaged in unlawful debt collection practices and otherwise serviced the loan in ways that conflict with West Virginia law. Plaintiffs are residents of West Virginia, (ECF No. 6-2 at ¶¶ 2, 9), and Defendant is a corporation existing under the laws of Delaware with its principal place of business in Texas, (ECF No. 1 at 4).

Plaintiffs originally filed their Complaint in the Circuit Court of Kanawha County, West Virginia, on October 7, 2016. (ECF No. 1-1 at 3.) Almost a year-and-a-half later, Plaintiffs

successfully moved for permission to file a First Amended Complaint, (*id.* at 19–20), which was docketed in the state court on March 28, 2018. (ECF No. 6-2 at 1.) Defendant removed the case to this Court on April 13, 2018. (ECF No. 1.) In the Notice of Removal, Defendant asserts that the sole basis for this Court's subject-matter jurisdiction over this case is diversity pursuant to 28 U.S.C. § 1332. (*Id.* at 3.) Further, Defendant states that the bad faith exception to the one-year removal requirement under § 1446 should apply to satisfy the procedural conditions for proper removal. (*Id.* at 7–9.)

Plaintiffs filed the current Motion to Remand on May 9, 2018, in which they assert that the one-year bar on removal after an action is commenced in state court should prohibit this Court from retaining jurisdiction. (ECF No. 7 at 4–7.) Plaintiffs contend that the Court should reject Defendant's bad faith argument as it is "asserted without actual evidence of any deliberate or misleading act by [P]laintiffs." (*Id.* at 6.) They also move for an award of attorney's fees and costs. (*Id.* at 7–8.) Defendant filed its response to the motion on May 23, 2018, (ECF No. 10), and Plaintiffs did not file a reply. As such, the motion is briefed and ripe for adjudication.

## II.   LEGAL STANDARD

Article III of the United States Constitution provides, in pertinent part, that "[t]he judicial Power shall extend . . . to Controversies . . . between Citizens of different States." U.S. Const. art. III, § 2. "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

Congress provided a right to remove a case from state to federal court under 28 U.S.C. § 1441. This statute states, in relevant part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). Because removal of civil cases from state to federal court infringes state sovereignty, federal courts strictly construe the removal statute and resolve all doubts in favor of remanding cases to state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941); *see also Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) ("Because removal jurisdiction raises significant federalism concerns, we must strictly construe removal jurisdiction." (citation omitted)).

Under the removal statute, a defendant must file a notice of removal within thirty days of receiving service of the initial pleading or summons, or within thirty days after receipt "of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). Nevertheless, when removal is based on diversity jurisdiction, a defendant only has one year after the action's commencement to initiate removal "unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action" or "deliberately failed to disclose the actual amount in controversy to prevent removal . . . ." § 1446(c)(1), (3)(B); *see also Watts v. RMD Holdings, Ltd.*, No. 2:12–cv–02181, 2012 WL 3860738, at *1–2 (S.D. W. Va. Sept. 5, 2012). "[T]he one-year limitation does not reset based on amendments made to the original complaint." *Johnson v. HCR Manorcare LLC*, No. 1:15CV189, 2015 WL 6511301, at *4 (N.D. W. Va. Oct. 28, 2015) (citing *Belcher v. Flagstaff Bank, F.S.B.*, No. 2:12–cv–01211, 2012 WL 6195541, at *2 (S.D. W. Va. Dec. 12, 2012)). Importantly, the party asserting federal jurisdiction

3

bears the burden of proof. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 73 (1996); *Landmark Corp. v. Apogee Coal Co.*, 945 F. Supp. 932, 935 (S.D. W. Va. 1996); *see also Monk v. Werhane Enters., Ltd.*, No. 06-4230, 2006 WL 3918395, at *5 (E.D. La. Nov. 27, 2006) (noting that "[t]he equitable exception [to the one-year limitation on removal] does not alter this burden").

### III. DISCUSSION

Plaintiffs do not dispute that there is complete diversity between the parties or that the amount in controversy exceeds $75,000, triggering this Court's basis of jurisdiction under 28 U.S.C. § 1332. (*See* ECF No. 7.) Further, Defendant does not argue that its Notice of Removal was filed within a year from receiving the initial pleading in this matter. (*See* ECF No. 1.) *See also* 28 U.S.C. § 1446(b)(3) (limiting the time within which to remove pursuant to § 1332 to one year). Rather, the sole dispute between the parties as to this motion is whether Plaintiffs acted in bad faith by deliberately delaying when they sought leave to amend the initial pleading to prevent timely removal. *See* 28 U.S.C. § 1446(c)(1).

As a preliminary matter, the parties are correct in recognizing the opacity of the bad faith standard within the Fourth Circuit. *See Ramirez v. Johnson & Johnson*, No. 2:15–cv–09131, 2015 WL 4665809, at *3 (S.D. W. Va. Aug. 6, 2015); *see also Shorraw v. Bell*, No. 4:15-cv-03998-JMC, 2016 WL 3586675, at *5 (D.S.C. July 5, 2016) (collecting cases). Nevertheless, the plaintiff remains the "master of the claim," *Pinney v. Nokia, Inc.*, 402 F.3d 430, 442 (4th Cir. 2005) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)), meaning it "is not inherently bad faith to use strategy to defeat federal jurisdiction," *Brazell v. Gen. Motors, LLC*, No. 6:14–4588–TMC, 2015 WL 1486932, at *4 (D.S.C. Mar. 30, 2015) (citation omitted). For that reason, "a defendant alleging bad faith by a plaintiff bears an arduous burden that requires evidence of forum

manipulation." *Ramirez*, 2015 WL 4665809, at *3 (collecting cases). "Ultimately, courts must make the determination of bad faith on a case-by-case basis, and must balance this equitable exception to the one-year limitation on removal with the general rule in favor of remand." *Lujan v. Alorica, Inc.*, No. EP-15-CV-355-KC, 2016 WL 8857008, at *5 (W.D. Tex. May 24, 2016) (citations omitted).

Here, Defendant argues that Plaintiffs manipulated the forum and exploited deadlines by filing a motion to amend their Complaint after the one-year removal deadline. (ECF No. 1 at 7.) In light of this argument, an overview of the case's procedure posture is informative. Plaintiffs filed the original complaint in state court on October 7, 2016, and Defendant filed an answer on December 13, 2016. (ECF No. 1-1 at 2.) Subsequently, Plaintiffs filed their first set of interrogatories and request for production on January 23, 2017, to which Defendant responded on February 22, 2017. (*Id.*) Ten months passed without any further developments until the state court set a scheduling conference for January 24, 2018. (*Id.*) Plaintiffs state, and Defendant does not dispute, that Defendant's counsel did not appear at that scheduling conference. (ECF No. 7 at 5.) Thereafter, Plaintiffs sought leave to amend the Complaint on February 14, 2018, after they supposedly became aware of additional claims on February 11, 2018. (ECF No. 1-1 at 2; ECF No. 7 at 5.) The state court granted Plaintiffs' motion, and the First Amended Complaint—now the operative pleading in this action—was filed on March 28, 2018. (ECF No. 1-1 at 2.) Defendant filed the Notice of Removal on April 13, 2018. (ECF No. 1.)

Defendant argues that Plaintiffs possessed "the information upon which the amendment [to the Complaint] was sought" on February 22, 2017, when Defendant responded to Plaintiffs' initial discovery requests. (ECF No. 10 at 4.) Because Plaintiffs did not seek to amend the Complaint

5

until the next year, according to Defendant, the timing represents "at worst a purposeful, and at best an implicitly conceded delay . . . in an attempt to manipulate the amount of damages asserted . . . and purposefully assert substantially different claims . . . ." (*Id.*) In light of the circumstances, however, Defendant's argument is unavailing. Plaintiffs claim that they were unaware of the additional claims until February 11, 2018. (ECF No. 7 at 5.) Thus, the Court is left with Plaintiffs' word against Defendant's regarding exactly when Plaintiffs became aware of information that led to the amendment and whether the *purpose* of the delay was to prevent removal as the statutory exception requires. *See* 28 U.S.C. § 1446(c)(1), (3)(B). While it is true that the responsibility to prosecute civil claims lies with the plaintiff, *see* Fed. R. Civ. P. 41(b); W. Va. R. Civ. P. 41(b), the Court finds little more than speculation vis-à-vis the unusual delay while the case was in state court. Further, the Court is not wholly convinced that Defendant exhibited a proper degree of vigilance between February 22, 2017, and December 22, 2017, when nothing happened in the case, and to the extent this factor is relevant, the Court finds that it weighs in favor of remand. *See Gonzales S. Tex. Elec. Corp. v. Jeffrey C. Stone, Inc.*, No. H–14–2216, 2014 WL 7072437, at *3 (S.D. Tex. Dec. 12, 2014) (remanding case where "the Court ha[d] doubts about propriety of the removal and f[ound] that the [d]efendants did not pursue their right of removal as vigilantly as they could and should have"); *see also Nat'l Ass'n of Gov't Emps. v. City Pub. Serv. Bd. of San Antonio*, 40 F.3d 698, 708 (5th Cir. 1994) ("Equity aids the vigilant and not those who slumber on their rights.").

Other than a suspicious procedural posture, Defendant has presented no evidence that Plaintiffs systematically engaged in forum manipulation. Other district courts have found both that "a plaintiff's failure to quantify damages until after the one-year mark does not warrant an

exception to the one-year bar on removal" and that "a failure to amend the complaint to reflect an increase of damages does not warrant an exception to the one-year bar on removal." *See Lujan*, 2016 WL 8857008, at *8 (citations omitted). If Plaintiffs were truly acting to manipulate the forum and exploit deadlines, it seems that they would have sought to amend the Complaint closer to the one-year removal deadline in early October 2017 instead of waiting until mid-February 2018. This seems to support Plaintiffs' contention that they were unaware of additional claims until February 11, 2018. (ECF No. 7 at 5.) Without more, the Court finds that Defendant has not met its burden of showing that Plaintiffs acted in bad faith in order to preclude diversity and prevent removal. In sum, the bad faith exception to the one-year removal requirement does not apply, and Defendant's removal was untimely. Accordingly, the Court **GRANTS IN PART** the motion insofar as it seeks remand back to state court.

Plaintiffs' motion also requests fees and costs incurred in filing the current motion. (*See* ECF No. 7 at 7–8.) Pursuant to 28 U.S.C. § 1447(c), the Court may upon remanding the case order Defendant to pay Plaintiffs' costs and expenses, including attorney's fees, incurred as a result of the removal. Given the procedural anomaly of the case in state court and the disputed facts regarding when Plaintiffs knew of the availability of the claims added in the First Amended Complaint, the Court finds that Defendant acted in good faith in filing its Notice of Removal. While the Court found that Defendant did not meet its burden in proving the applicability of the bad faith exception, this does not necessarily lead to the conclusion that Defendant "lacked an objectively reasonable basis for seeking removal." *See In re Crescent City Estates, LLC*, 588 F.3d 822, 829–31 (4th Cir. 2009) (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)). Consequently, the Court **DENIES IN PART** the motion insofar as it requests fees and costs.

## IV. CONCLUSION

For the reasons above, the Court finds that Defendant's removal of this case was untimely. However, the Court does not find that an order regarding fees and costs is appropriate. As such, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' Motion to Remand, (ECF No. 6), and hereby **REMANDS** this case to the Circuit Court of Kanawha County, West Virginia. The Court further **DIRECTS** the Clerk to remove this matter from the Court's docket.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: July 12, 2018

THOMAS E. JOHNSTON, CHIEF JUDGE